Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel (845) 876-7500
Fax (845) 876-7501
ncharny@charnywheeler.com

Benjamin N. Dictor
Eisner & Dictor, P.C.
39 Broadway, Suite 1540
New York, New York  10006
Tel (212) 473-8700
Fax (212) 473-8705
ben@eisnerdictor.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY HOBBS and FRANK SWENSON on behalf of themselves and those similarly situated, | |
| Plaintiffs, | Civil Action No. |
| vs. | COLLECTIVE AND CLASS ACTION COMPLAINT |
| UNITED PARCEL SERVICE OF AMERICA, INC. and THE UPS FOUNDATION, | |
| Defendants. | |

Plaintiffs Jerry Hobbs and Frank Swenson on behalf of themselves and those similarly situated (collectively Plaintiffs) by and through their attorneys Charny & Wheeler P.C. and Eisner & Dictor, P.C. and bring this collective and class action complaint to recover damages for unpaid overtime wages and unlawful deductions from their wages by their employer United Parcel Service of America, Inc. (herein Defendant UPS) and for conversion of same against The UPS Foundation (collectively Defendants).

1

## JURISDICTION AND VENUE

1.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, <u>et</u> <u>seq.</u>, as well as 28 U.S.C. §§ 1331 and 1337.  This Court's supplemental jurisdiction is also invoked to assert the Plaintiffs claims for New York State Law violations including Article 6 of New York's Labor Law and its corresponding regulations (12 NYCRR 142-2.2) and conversion.

2.      At all relevant times Defendants engaged in business in among other places Kings County, State of New York.  Accordingly, this action properly lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Jerry Hobbs is an adult individual who is employed full time by Defendant UPS.

4.      Plaintiff Frank Swenson is an adult individual who is employed full time by Defendant UPS.

5.      Defendant United Parcel Service of America, Inc. is a corporate entity organized under the laws of the State of Georgia.

6.      For all times relevant to this Complaint Defendant UPS has been an employer within the meaning of the Fair Labor Standards Act and New York wage and hour law.

7.      Defendant The UPS Foundation is upon information and belief a Georgia not-for-profit corporation affiliated with Defendant UPS that has as one of its signature programs the "United Way Partnership."

## FACTS

8.      Defendant UPS operates an international parcel delivery service with a total of approximately 500,000 employees.

9.      UPS operates out of "facilities" which receive packages, sort them, and send the packages out for delivery with drivers.  There are more than 500 facilities in more than 125 countries.

10.      Defendants have a very public relationship with the charitable entity United Way, to wit, Defendants actively publicize and market the large scale collective charitable giving by their employees and the matching grant from Defendant UPS Foundation.

11.      Defendants are currently designated as "the first global corporate partner to raise $1 billion in contributions to United Way," a fact that is used in Defendants' marketing materials.

12.      For at least the last thirty years, Defendants have held an annual fund drive among their employees, seeking to raise money for United Way either through a one-time contribution for the year, or a deduction from each paycheck for the upcoming year.

13.      The United Way fundraising drive occurs in August/September of each year for purposes of gift-giving in the following calendar year.

14.      Until the events at issue, Defendants typically solicited and secured the United Way contributions within each facility by way of a member of the management team meeting with employees and encouraging them to make a contribution, and in turn, encouraging the employee to sign an authorization of same to be deducted from their paychecks.

3

15.    The United Way authorization form that is signed by the employee allows for either a one-time deduction from wages, or as is more commonly chosen allows for a fixed amount (such as $1 or $2) to be withheld from each paycheck and remitted to United Way.

16.    This authorization card has always specifically limited the authorization to the coming calendar year.

17.    Upon information and belief, the management teams are given quotas by the Defendants of how much is expected to be raised within their facilities during the United Way fundraising drive.

18.    Upon information and belief there are compelling adverse consequences if a management team member does not meet the quotas given by Defendant UPS.

19.    Upon information and belief there are compelling positive consequences if a management team member meets the quotas given by Defendant UPS.

20.    The Plaintiffs were employed by Defendant UPS in or about Fall 2018 and into January 2019, the relevant time period.

21.    The Plaintiffs chose not to complete an authorization form for United Way contributions for calendar year 2019.

22.    Nonetheless, the Plaintiffs had money deducted from their paychecks without their authorization and designated as for United Way beginning in 2019.

23.    Upon information and belief, the same unauthorized deductions were implemented for calendar year 2019 within the fourteen facilities in Westchester County, Bronx County, New York County, Kings County, Queens County, Nassau County and Suffolk County without regard to whether or not the employee had signed the authorization card.

24.     Upon information and belief in the neighborhood of at least 1,000 employees who work in these fourteen facilities have had wages unlawfully deducted from their paychecks without signing an authorization form during the period January 2019 and continuing to date.

25.     During the period January 2019 and continuing to date Plaintiff Hobbs worked/works in excess of forty (40) hours in a given work week approximately three out of every four weeks and during those weeks worked between three and ten hours of overtime.

26.     During the period January 2019 and continuing to date Plaintiff Swenson worked/works in excess of forty (40) hours in a given work week approximately four out of every five weeks.  During those weeks of overtime, Plaintiff Swenson worked/works between five (5) and twenty (20) hours of time over forty.

27.     Upon information and belief, nearly every member of the putative collective and class who are full time members -- those who have had unlawful United Way deductions beginning January 2019 -- worked in excess of forty (40) hours in at least one if not the majority of weeks during the relevant time period.

28.     In those weeks that they worked in excess of forty hours, under Federal and State law the Plaintiffs were entitled to time and one-half the wages for each hour over forty.  Because of the unlawful deductions since January 2019 Plaintiffs were not paid the required full rate of time and one half for hours over forty.

<u>CLASS ACTION ALLEGATIONS</u>

29.     Plaintiffs propose the following class definition for the State law unlawful deduction claim:

5

> For the period January 1, 2019 to the present all employees of
> United Parcel Service of America, Inc., who have had deductions
> from their wages for United Way contribution without signing a
> written authorization.

30.     Plaintiffs propose the following first subclass for the State law unpaid overtime

claim:

> For the period January 1, 2019 to the present all employees of
> United Parcel Service of America, Inc., who have had deductions
> from their wages for United Way contribution without signing a
> written authorization who worked in excess of forty hours in any
> work week.

31.     The putative class may be as large as 1,000 or more employees and as such it is so

numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

32.     The claim here is those employees of Defendant UPS who have had deductions

for the 2019 United Way campaign without their written authorization; including the subclass of

those that worked in excess of forty hours in any work week.

33.     The putative class share the same questions of law and fact and there are no

questions affecting only individual members.

34.     The claims and defenses of the representative parties are identical to the claims

and defenses of the putative class.

35.     Plaintiffs can and will fairly and adequately protect the interests of the class.

36.     Given the simple claim and remedy, a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

37.     The Plaintiffs are represented by the law firms of Charny & Wheeler P.C. and

Eisner & Dictor, P.C.  These law firms have the resources, expertise and experience necessary to

prosecute this collective and class action and the attorneys do not have knowledge of any

conflicts among the potential members of the class or their respective counsel.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38.     Plaintiffs repeat and re-allege the preceding allegations.

39.     By the foregoing Defendant UPS has failed to pay the Plaintiffs and the putative

collective the required premium pay for all hours worked in excess of forty in a given work week

in violation of the FLSA.

40.     By the foregoing acts Defendant UPS has violated the FLSA.

## SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW SECTION 193

41.     Plaintiffs repeat and re-allege the preceding allegations.

42.     New York Labor Law Section 193 prohibits employers from making deductions

from employees' wages, except as authorized by the statute.

43.     Defendant UPS had and has no written authorization as required by Section 193

for the 2019 United Way deductions for Plaintiffs and the putative collective/class members.

44.     By the foregoing acts, Defendant UPS has violated Labor Law Section 193.

## THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW OVERTIME PREMIUM PAY

45.     Plaintiffs repeat and re-allege the preceding allegations.

46.     Article 6 of New York's Labor Law and its corresponding regulations (12

NYCRR 142-2.2) require that employers compensate their employees for hours over forty in a

given work week at the rate of time and one-half the normal hourly rate of pay.

47. By the foregoing acts, Defendant UPS has violated Article 6 of the New York Labor Law.

## FOURTH CAUSE OF ACTION
### CONVERSION

48. Plaintiffs repeat and re-allege the preceding allegations.

49. Defendant UPS Foundation intentionally and without authority, assumed/assumes or exercises control over personal property belonging to the Plaintiffs and the putative collective/class, interfering with those persons' right of possession.

50. Plaintiffs have a possessory right or interest in the property and Defendant UPS Foundation dominion over the property or interference with it, is in derogation of Plaintiffs' and the putative collective/class members' rights.

51. By the foregoing acts, Defendant UPS Foundation has engaged in conversion of Plaintiffs' property.

### REQUEST FOR RELIEF

52. Plaintiff requests the following relief:

(i) Certify this matter as a Collective Action under the FLSA;

(ii) Certify this matter as a Class Action under the C.P.L.R.;

(iii) An Order restraining violation of the FLSA and New York State Labor Law;

(iv) Judgment against Defendant UPS for willful violations of the FLSA and of New York Labor Law;

(v) Judgment against Defendant UPS Foundation for conversion and a Court Order requiring the return of all such converted property;

(v)    Statutory liquidated damages;

(vi)    Costs and reasonable attorneys' fees;

(vii)    Pre- and post-judgment interest; and

(viii)    Such other relief as the Court deems just and proper.

Dated:  Rhinebeck, New York
        August 13, 2019

_____
Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel (845) 876-7500
Fax (845) 876-7501
ncharny@charnywheeler.com

Benjamin N. Dictor
Eisner & Dictor, P.C.
39 Broadway, Suite 1540
New York, New York  10006
Tel (212) 473-8700
Fax (212) 473-8705
ben@eisnerdictor.com

9